DOUGLAS Q. HAHN, SBN 257559
  dhahn@stradlinglaw.com
AHMAD S. TAKOUCHE, SBN 322911
  atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  949 725 4000
Facsimile:  949 725 4100

*Attorneys for Defendants*
*Lula Holdings, Inc. and Lula Beauty Inc.*

David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
ERIKSON LAW GROUP
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

*Attorneys for Plaintiff Angelica Cota*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANGELICA COTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LULA HOLDINGS, INC., LULA BEAUTY INC., a Delaware corporation; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 2:22-cv-01546-RGK (MARx)<br><br>Hon. R. Gary Klausner<br>Magistrate:  Hon. Margo A. Rocconi<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:  March 8, 2022 |

1. <u>INTRODUCTION</u>

    1.1   <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2   <u>GOOD CAUSE STATEMENT</u>

    This action is likely to involve trademarks, customer and pricing lists and other confidential, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, marketing channels, identification of customers or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action:  *Angelica Cota vs. Lula Holdings, Inc., Lula Beauty Inc. and Does 1-10 inclusive*; case number 2:22-cv-01546-PSG(MARx) in the United States District Court for the Central District of California.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

1    2.7    Expert: a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who has been retained by a Party or its counsel to serve

3  as an expert witness or as a consultant in this Action.

4    2.8    House Counsel: attorneys who are employees of a party to this Action.

5  House Counsel does not include Outside Counsel of Record or any other outside

6  counsel.

7    2.9    Non-Party: any natural person, partnership, corporation, association,

8  or other legal entity not named as a Party to this action.

9    2.10   Outside Counsel of Record: attorneys who are not employees of a

10  party to this Action but are retained to represent or advise a party to this Action

11  and have appeared in this Action on behalf of that party or are affiliated with a law

12  firm which has appeared on behalf of that party, and includes support staff.

13    2.11   Party: any party to this Action, including all of its officers, directors,

14  employees, consultants, retained experts, and Outside Counsel of Record (and their

15  support staffs).

16    2.12   Producing Party: a Party or Non-Party that produces Disclosure or

17  Discovery Material in this Action.

18    2.13   Professional Vendors: persons or entities that provide litigation

19  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, and organizing, storing, or retrieving data in any form or medium)

21  and their employees and subcontractors.

22    2.14   Protected Material: any Disclosure or Discovery Material that is

23  designated as "CONFIDENTIAL."

24    2.15   Receiving Party: a Party that receives Disclosure or Discovery

25  Material from a Producing Party.

26  3.    SCOPE

27    The protections conferred by this Stipulation and Order cover not only

28  Protected Material (as defined above), but also (1) any information copied or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

1   extracted from Protected Material; (2) all copies, excerpts, summaries, or

2   compilations of Protected Material; and (3) any testimony, conversations, or

3   presentations by Parties or their Counsel that might reveal Protected Material.

4         Any use of Protected Material at trial will be governed by the orders of the

5   trial judge.  This Order does not govern the use of Protected Material at trial.

6   4.   <u>DURATION</u>

7         Once a case proceeds to trial, all of the information that was designated as

8   confidential or maintained pursuant to this protective order becomes public and

9   will be presumptively available to all members of the public, including the press,

10   unless compelling reasons supported by specific factual findings to proceed

11   otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City*

12   *and County of Honolulu*, 447 F.3d 1172, 1180–81 (9th Cir. 2006) (distinguishing

13   "good cause" showing for sealing documents produced in discovery from

14   "compelling reasons" standard when merits-related documents are part of court

15   record).  Accordingly, the terms of this protective order do not extend beyond the

16   commencement of the trial.

17   5.   <u>DESIGNATING PROTECTED MATERIAL</u>

18         5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

19   Each Party or Non-Party that designates information or items for protection under

20   this Order must take care to limit any such designation to specific material that

21   qualifies under the appropriate standards.  The Designating Party must designate

22   for protection only those parts of material, documents, items, or oral or written

23   communications that qualify so that other portions of the material, documents,

24   items, or communications for which protection is not warranted are not swept

25   unjustifiably within the ambit of this Order.

26         Mass, indiscriminate, or routinized designations are prohibited.

27   Designations that are shown to be clearly unjustified or that have been made for an

28   improper purpose (e.g., to unnecessarily encumber the case development process

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

1  or to impose unnecessary expenses and burdens on other parties) may expose the
2  Designating Party to sanctions.

3      If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection, that Designating Party must
5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
8  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
9  under this Order must be clearly so designated before the material is disclosed or
10  produced.

11      Designation in conformity with this Order requires:

12          (a)    for information in documentary form (e.g., paper or electronic
13  documents, but excluding transcripts of depositions or other pretrial or trial
14  proceedings), that the Producing Party affix at a minimum, the legend
15  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
16  contains protected material.  If only a portion or portions of the material on a page
17  qualifies for protection, the Producing Party also must clearly identify the
18  protected portion(s) (e.g., by making appropriate markings in the margins).

19          A Party or Non-Party that makes original documents available for
20  inspection need not designate them for protection until after the inspecting Party
21  has indicated which documents it would like copied and produced.  During the
22  inspection and before the designation, all of the material made available for
23  inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has
24  identified the documents it wants copied and produced, the Producing Party must
25  determine which documents, or portions thereof, qualify for protection under this
26  Order.  Then, before producing the specified documents, the Producing Party must
27  affix the "CONFIDENTIAL legend" to each page that contains Protected Material.
28  If only a portion or portions of the material on a page qualifies for protection, the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

1   Producing Party also must clearly identify the protected portion(s) (e.g., by making

2   appropriate markings in the margins).

3          (b)     for testimony given in depositions that the Designating Party

4   identify the Disclosure or Discovery Material on the record, before the close of the

5   deposition all protected testimony.

6          (c)     for information produced in some form other than documentary

7   and for any other tangible items, that the Producing Party affix in a prominent

8   place on the exterior of the container or containers in which the information is

9   stored the legend "CONFIDENTIAL."  If only a portion or portions of the

10  information warrants protection, the Producing Party, to the extent practicable, will

11  identify the protected portion(s).

12       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

13  failure to designate qualified information or items does not, standing alone, waive

14  the Designating Party's right to secure protection under this Order for such

15  material.  Upon timely correction of a designation, the Receiving Party must make

16  reasonable efforts to assure that the material is treated in accordance with the

17  provisions of this Order.

18  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

19       6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

20  designation of confidentiality at any time that is consistent with the Court's

21  Scheduling Order.

22       6.2    Meet and Confer.  The Challenging Party will initiate the dispute

23  resolution process under Local Rule 37.1 et seq.

24       6.3    The burden of persuasion in any such challenge proceeding will be on

25  the Designating Party.  Frivolous challenges, and those made for an improper

26  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

27  parties) may expose the Challenging Party to sanctions.  Unless the Designating

28  Party has waived or withdrawn the confidentiality designation, all parties will

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

1       (e)    court reporters and their staff;

2       (f)    professional jury or trial consultants, mock jurors, and

3 Professional Vendors to whom disclosure is reasonably necessary for this Action

4 and who have signed the "Acknowledgment and Agreement to Be Bound"

5 (Exhibit A);

6       (g)    the author or recipient of a document containing the

7 information or a custodian or other person who otherwise possessed or knew the

8 information;

9       (h)    during their depositions, witnesses, and attorneys for witnesses,

10 in the Action to whom disclosure is reasonably necessary provided: (1) the

11 deposing party requests that the witness sign the form attached as Exhibit A hereto;

12 and (2) they will not be permitted to keep any confidential information unless they

13 sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

14 otherwise agreed by the Designating Party or ordered by the court.  Pages of

15 transcribed deposition testimony or exhibits to depositions that reveal Protected

16 Material may be separately bound by the court reporter and may not be disclosed

17 to anyone except as permitted under this Stipulated Protective Order; and

18       (i)    any mediator or settlement officer, and their supporting

19 personnel, mutually agreed upon by any of the parties engaged in settlement

20 discussions.

21 8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

22 IN OTHER LITIGATION</u>

23     If a Party is served with a subpoena or a court order issued in other litigation

24 that compels disclosure of any information or items designated in this Action as

25 "CONFIDENTIAL," that Party must:

26       (a)    promptly notify in writing the Designating Party.  Such

27 notification will include a copy of the subpoena or court order;

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

1     (b)    promptly notify in writing the party who caused the subpoena
2  or order to issue in the other litigation that some or all of the material covered by
3  the subpoena or order is subject to this Protective Order.  Such notification will
4  include a copy of this Stipulated Protective Order; and

5     (c)    cooperate with respect to all reasonable procedures sought to be
6  pursued by the Designating Party whose Protected Material may be affected.

7     If the Designating Party timely seeks a protective order, the Party served
8  with the subpoena or court order will not produce any information designated in
9  this action as "CONFIDENTIAL" before a determination by the court from which
10  the subpoena or order issued, unless the Party has obtained the Designating Party's
11  permission.  The Designating Party will bear the burden and expense of seeking
12  protection in that court of its confidential material and nothing in these provisions
13  should be construed as authorizing or encouraging a Receiving Party in this Action
14  to disobey a lawful directive from another court.

15  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
16  PRODUCED IN THIS LITIGATION

17     (a)    The terms of this Order are applicable to information produced
18  by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such
19  information produced by Non-Parties in connection with this litigation is protected
20  by the remedies and relief provided by this Order.  Nothing in these provisions
21  should be construed as prohibiting a Non-Party from seeking additional
22  protections.

23     (b)    In the event that a Party is required, by a valid discovery
24  request, to produce a Non-Party's confidential information in its possession, and
25  the Party is subject to an agreement with the Non-Party not to produce the Non-
26  Party's confidential information, then the Party will:

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-
STIPULATED PROTECTIVE ORDER

4859-0104-2531v1/104914-0004

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4859-0104-2531v1/104914-0004

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
<u>PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

///
///
///
///
///

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

STIPULATED PROTECTIVE ORDER

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED:  May 26, 2023            /s/ Antoinette Waller
                                   David Alden Erikson
4                                  Antoinette Waller
5                                  ERIKSON LAW GROUP

6                                  **Attorneys for Plaintiff Angelica Cota**

7

8  DATED:  May 26, 2023            Douglas Q. Hahn
9                                  Douglas Q. Hahn
                                   Ahmad S. Takouche
10                                 STRADLING YOCCA CARLSON &
                                   RAUTH
11

12                                 **Attorneys for Defendants**
13                                 **Lula Holdings, Inc. and Lula Beauty Inc.**

14

15 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

16

17

18 DATED:  June 1, 2023
                                   HON. MARGO A. ROCCONI
19                                 United States Magistrate Judge

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
   LAWYERS
 NEWPORT BEACH

                                   -13-
                          STIPULATED PROTECTIVE ORDER
4859-0104-2531v1/104914-0004

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of _____ [**insert formal case name and

the numbers and initials assigned to it by the court**].  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date:_____

City and State where signed:_____

Printed name:_____

Signature:_____

-14-

STIPULATED PROTECTIVE ORDER

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4859-0104-2531v1/104914-0004